UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jeffrey M. Gray

    v.                                     Civil No. 14-cv-386-PB

John Perkins et al.[1]


**REPORT AND RECOMMENDATION**


    Jeffrey Gray, an inmate at the New Hampshire State Prison

("NHSP"), has filed a Verified Complaint (doc. no. 1), a First

Amended Verified Complaint (doc. no. 6), a Second Amended

Verified Complaint (doc. no. 23), and an addendum to the Second

---

[1]Plaintiff names the following defendants in this action:
New Hampshire Department of Corrections ("DOC") Commissioner
William Wrenn; DOC employee Tammy J. McLeod; New Hampshire State
Prison ("NHSP") Warden Richard Gerry; Northern New Hampshire
Correctional Facility ("NCF") Warden Edward Reilly; DOC
Education Director/NHSP Library Supervisor Daniel Tanguay; NHSP
Librarian John Perkins; NCF Librarian Angela L. Poulin; NHSP
Maj. Jon H. Fouts; NHSP Capt. Charles Boyjiani; NHSP Lt. James
Brown; NHSP Sgt. Sheryl St. Peter; NHSP Sgt. Shawn S. McLeod;
NHSP Cpl. Bryan D. Raposa; NHSP Corrections Officer ("C.O.") Roy
Tripp; NHSP C.O. Frank H. Logan, III; NHSP C.O. Francis J. Reed;
NHSP C.O. Bradford E. Nudd; NHSP C.O. Clark Goodrich, NHSP C.O.
Barbra Ault; NHSP C.O. Stephen P. Sullivan; and DOC Director of
Medical and Forensic Services Helen Hanks.  The court further
construes Gray's pleadings to name the following individuals as
defendants to this action: DOC physician Dr. Celia Englander;
NHSP Nurse Practitioners Lisa Savage and Corina Neculai; and
NHSP Physical Therapist Bernadette Campbell.  Gray sues each
defendant in his or her individual and official capacities.

Amended Verified Complaint (doc. no. 27).[2]  The complaint

documents are before the court for preliminary review, pursuant

to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).  Gray has also filed

motions seeking a temporary restraining order ("TRO") and a

preliminary injunction (doc. nos. 3, 12-14, 16, 19, and 28-31),

which have been referred to this magistrate judge for a report

and recommendation as to disposition.

## Preliminary Review

### I.  Standard

In determining whether a pro se pleading states a claim,

the court construes the pleading liberally.  See Erickson v.

Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal

conclusions, the court considers whether the factual content in

the pleading and inferences reasonably drawn therefrom, taken as

true, state a facially plausible claim to relief.  Hernandez-

Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

---

[2]The factual assertions contained in the complaint documents
listed in this Report and Recommendation are considered as part
of the complaint for all purposes.

## II.  **Claims to be Served**

The court finds that the following claims are sufficiently stated in the complaint to allow them to proceed, without prejudice to the defendants' ability to file any appropriate motion to dismiss:

1.  NHSP Librarian John Perkins and NHSP Corrections Officer ("C.O.") Roy Tripp retaliated against Gray for exercising his First Amendment right to petition the government for a redress of grievances by filing administrative grievances and this civil action, by barring Gray from the law library on and after August 29, 2014, and by causing Gray to lose his prison job, in violation of Gray's First Amendment rights.

2.  NHSP C.O. Stephen P. Sullivan created a substantial risk of serious harm to Gray when Sullivan, on April 28, 2014, showed the other inmates in Gray's cell a newspaper article describing Gray's charges and conviction for sexual offenses, placing him in danger of being harmed by the other inmates, in violation of Gray's Eighth Amendment right not to be subject to cruel and unusual punishment.

3.  NHSP Lt. James Brown created a substantial risk of serious harm to Gray when Brown, on November 19, 2014, told several inmates, including Gray's cellmate, that Gray had filed grievances accusing his cellmate of engaging in in appropriate sexual actions involving Gray, placing Gray in danger of being harmed by the other inmates, in violation of Gray's Eighth Amendment right not to be subject to cruel and unusual punishment.

4.  New Hampshire Department of Corrections ("DOC") physician Dr. Celia Englander, NHSP Nurse Practitioners Lisa Savage and Corina Neculai, NHSP Physical Therapist Bernadette Campbell, Northern New Hampshire Correctional Facility Warden Edward Reilly, and NHSP Warden Richard

3

Gerry, acting with deliberate indifference to Gray's serious medical needs (sleep apnea, ulcers, Helicobacter Pylori stomach disease, chronic lower back pain, and tinnitus), denied Gray constitutionally adequate medical care for those conditions, or denied Gray's grievances concerning his medical care, in violation of Gray's Eighth Amendment rights.

5.   NHSP C.O. Frank H. Logan, III, violated Gray's Eighth Amendment rights to adequate medical treatment and safe conditions of confinement when he placed Gray in a top bunk, resulting in injury to Gray, despite knowing that Gray had been issued a "bottom bunk pass" by the prison medical department.

6.   NHSP Sgt. Sheryl St. Peter and NHSP Lt. James Brown violated Gray's First Amendment right to freely exercise his religion by seizing and failing to return Gray's bibles, religious books, and religious pamphlets, without a compelling and legitimate reason for the seizure.

7.   Unspecified defendants violated Gray's right to receive adequate dental care in prison by failing to treat his decayed and abscessed tooth, which they were aware of in September 2012, causing Gray to lose most of the tooth, and for failing to extract the remainder of the tooth.

Accordingly, in an Order issued simultaneously with this Report and Recommendation ("Simultaneous Order") the court directs service of Claims 1 - 6, as numbered above, on the defendants named in those claims.  In the Simultaneous Order, the court also grants Gray leave to amend Claim 7 to identify defendants to that claim.

## II.  Claims Recommended for Dismissal

### A.   Access to the Courts

Gray claims that defendants have violated his First Amendment right to meaningful access to the courts by banning him from the NHSP law library and all legal resources since August 29, 2014, despite knowing that Gray is litigating this action, and state court post-conviction proceedings.  Gray also alleges that the library is not up to date.

To state a claim for a denial of access to the courts, an inmate must show, among other things, that defendants have hindered his ability to pursue a nonfrivolous claim that he has a right to litigate.  See Lewis v. Casey, 518 U.S. 343, 349-52 (1996); Guglielmo v. N.H. State Prison, 111 F.3d 122, 1997 U.S. App. LEXIS 8616, at *2-*3 (1st Cir. 1997) (unpublished table decision) (citing Lewis, 518 U.S. at 356) (inmate must show "that an actionable claim has been lost or rejected or that presentation of the claim is currently being prevented" due to defendants' actions).  Gray has asserted that he has risked missing deadlines, but he has not demonstrated that any of his pending legal matters have been actually injured by defendants.

5

Accordingly, the district judge should dismiss this claim.

    B.   <u>Retaliation</u>

In addition to the retaliation claims set forth in Claim 1, above, Gray asserts that other defendants have retaliated against him for filing administrative grievances and this lawsuit.  Specifically, he claims that certain defendants have searched Gray's sleeping areas and property, seized his personal property, issued embellished and/or false disciplinary reports against him, and generally harassed him.

To state a claim for retaliation for the exercise of First Amendment rights, an inmate must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he suffered non-de minimis adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken.  See <u>Hannon v. Beard</u>, 645 F.3d 45, 48 (1st Cir. 2011); <u>Starr v. Dube</u>, 334 F. App'x 341, 342 (1st Cir. 2009).  An adverse act taken in response to protected conduct is not de minimis, however, if it would deter an individual of ordinary firmness from exercising First Amendment rights.  See <u>Starr</u>, 334 F. App'x at 342.

Gray has failed to allege that the adverse acts at issue, with the exception of those the court directs served in the Simultaneous Order, were more than de minimis.  Gray's allegations of verbal harassment, disciplinary charges, and searches of his property, are not the sort of acts that would chill the exercise of First Amendment rights by an inmate of ordinary firmness.  See id. at 342–343 (adverse act is de minimis if: it causes only "a few days of discomfort; the imposition of a minor sanction; inmate can defend themselves from a retaliatory disciplinary report; a disciplinary report is later dismissed; or where there is no "substantial" impact on inmate (internal quotation marks and citations omitted)). Accordingly, Gray has failed to state any actionable retaliation claim, other than those asserted in Claim 1, and the district judge should dismiss those retaliation claims.

C.   Harassment

Gray describes multiple instances of corrections officials being rude, threatening, vulgar, or disrespectful to him, or otherwise verbally harassing or threatening him during his incarceration.  Derogatory comments and threats alone, while unprofessional, "do[] not constitute cruel and unusual

punishment, [or] deprive a prisoner of a protected liberty interest." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (footnote and citations omitted). Accordingly, the district judge should dismiss Gray's harassment claims.

      D.   Disciplinary Proceedings

      Gray complains that certain deficiencies and irregularities in disciplinary proceedings against him violated his Fourteenth Amendment due process rights. Under Sandin v. Conner, 515 U.S. 472 (1995), the court, in deciding whether a due process challenge to a prison disciplinary proceeding states a claim for relief, must determine if disciplinary penalties "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

      Nothing in Gray's allegations suggests that he was subjected to sanctions which exposed him to any atypical or substantial hardship in relation to the ordinary incidents of prison life, or that otherwise exceeded the scope of his sentence. Gray has thus failed to demonstrate that he suffered any deprivation of a protected liberty interest as a result of the challenged disciplinary proceedings. Accordingly, the

district judge should dismiss Gray's due process claims related to disciplinary proceedings against him.

    E.   Personal Property

    Gray alleges that defendants, on more than one occasion, deprived him of his personal property without due process. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  The State of New Hampshire provides an adequate postdeprivation remedy pursuant to N.H. Rev. Stat. Ann. §§ 541-B:9 and 541-B:14 (1997) (providing a post-deprivation means of recouping property loss attributable to the State).  Because an adequate state remedy is available to Gray, he has failed to state a Fourteenth Amendment due process violation arising from the loss of personal property, and the district judge should dismiss this claim.

    F.   Mail

        1.   Constitutional Claims

    Gray alleges various violations of his First and Fourteenth

9

Amendment rights concerning the delay, nondelivery, or opening
of some of his mail.  Specifically, Gray complains that a letter
from the United States Department of Veterans Affairs ("VA") was
"withheld" from him for thirty-eight days, that "confidential
and privileged" mail he sent to Warden Gerry through the United
States mail was removed from the mail, opened, and sent to Gerry
via interdepartmental mail, and that certain materials sent to
Gray at the prison by the Rockingham County Attorney's office,
pursuant to a court order, was never delivered to him.  Although
Gray accuses prison officials of deliberately delaying or
denying his mail, and interfering with his confidential
correspondence, nothing in the facts Gray has asserted
demonstrate more than inadvertence or neglect by defendants, to
the extent they are alleged to have mishandled Gray's mail.
Gray has failed to demonstrate any actionable violation of any
right arising under the constitution, and the district judge
should dismiss any intended constitutional claim concerning the
defendants' handling of Gray's mail.

         2.   Statutory Claims

     Gray asserts claims concerning the handling of his mail
under the Privacy Act of 1974, 38 U.S.C. § 5701.  That statute

10

imposes an obligation on the Secretary of the VA not to release
certain information, see Cornish v. Dudas, 715 F. Supp. 2d 56,
70 (D.D.C. 2010), but does not impose any obligation on state
prison officials.  As Gray has not sued the VA or any VA
employee, his claims do not arise under the Privacy Act, and the
district judge should dismiss this claim.

Gray further seeks relief under 38 C.F.R. § 1.576, which is
a VA regulation that does not create a civil right of action.
See Williams v. U.S. Gov't, No. 12-00375-HG-KSC, 2013 U.S. Dist.
LEXIS 91165, *16 (D. Haw. June 28, 2013).  Accordingly, Gray has
not asserted an actionable claim under 38 C.F.R. § 1.576, and
the district judge should dismiss the claim.

### 3.   Failure to Follow Prison Policy

Gray alleges that the alleged mishandling of his mail
violated his due process rights, because prison officials failed
to follow internal prison procedures governing the handling of
prisoner mail.  An inmate has no freestanding constitutional
right to have prison officials follow prison policies if the
officials' actions are otherwise constitutional.  See Querido v.
Wall, C.A. No. 10-098 ML, 2010 U.S. Dist. LEXIS 139201, at *14,
2010 WL 5558915, at *3 (D.R.I. Dec. 8, 2010), report and

11

recommendation adopted, 2011 U.S. Dist. LEXIS 1882, 2011 WL
63503 (D.R.I. Jan. 7, 2011).  As stated above, Gray has not
asserted sufficient facts to demonstrate that his constitutional
rights were violated by the alleged mishandling of his mail.
Accordingly, Gray cannot assert a claim based on the failure of
prison officials to properly follow prison policies.

     G.   Supervisory Liability

     Gray names a number of prison officials as defendants to
this action, in their capacity as supervisors.  Supervisors may
be held liable under 42 U.S.C. § 1983 only for their own actions
or inactions, amounting to deliberate indifference.  See
Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012).
Nothing alleged in the complaint establishes any basis for
holding any official liable in his or her supervisory capacity
for any of the harms Gray has alleged.  Accordingly, the
district judge should dismiss Gray's supervisory liability
claims.

**Request for Preliminary Injunctive Relief**

     Gray's requests for a TRO and preliminary injunction (doc.
nos. 3, 12-14, 16, 19, and 28-31) have been referred to this
magistrate judge for a report and recommendation as to

disposition.  Gray has not, in his pleadings, demonstrated specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to [Gray] before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b)(1)(A), such tha a TRO would be appropriate in this case.  Accordingly, the request for a TRO should be denied, and the motions be construed as seeking only a preliminary injunction.  In the Simultaneous Order, the court directs defendants to respond to those requests.

**Conclusion**

In the Simultaneous Order, this court directs service of Claims 1 – 6, as identified herein, upon defendants Perkins, Tripp, Sullivan, Brown, Englander, Savage, Neculai, Campbell, Reilly, Gerry, Logan, and St. Peter, and grants Gray leave to amend Claim 7, as identified herein, to identify defendants to that claim.  For the reasons set forth in this Report and Recommendation, the court recommends that the district judge: (1) dismiss the remaining the claims Gray asserts, and drop the remaining defendants, from this action; and (2) deny Gray's request for a TRO.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge


May 7, 2015

cc:  Jeffrey M. Gray, pro se

14