**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jeffrey M. Gray

v. Case No. 14-cv-386-PB

John Perkins et al.

**REPORT AND RECOMMENDATION**

Jeffrey M. Gray, an inmate at the New Hampshire State Prison ("NHSP"), has filed numerous motions (doc. nos. 12, 13, 16, 19, 28-31, 34, 41, 45, and 46) seeking preliminary injunctive relief. All but one of the defendants have objected. See Doc. Nos. 48 and 55 (Objections).[1] The requests for injunctive relief have been referred to this magistrate judge for a report and recommendation. See Jan. 28, 2015, Order; June 8, 2015, Order; July 10, 2015, Order.

## Discussion

### I. Preliminary Injunction Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

[1] Dr. Celia Englander, who is represented by separate counsel, has not objected to the requests for injunctive relief.

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Demonstration of both a likelihood of success on the merits and irreparable harm in the absence of an injunction is required to obtain preliminary injunctive relief. See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) ("'[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.'" (citation omitted)); Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("'if the moving party cannot demonstrate that he is likely to succeed in his quest,'" preliminary injunctive relief is properly denied without further analysis (citation omitted)). The burden of proof on all four preliminary injunction factors is on the movant. See Esso Std. Oil Co., 445 F.3d at 18.

## II. Injunction Requested and Objections

In his requests for preliminary injunctive relief, Gray

asks the court to issue an order:

- Enjoining defendants from denying Gray access to legal resources and materials adequate to allow him to litigate his pending matters in this court and the state courts;

- Enjoining defendants from denying Gray access to the Bible, religious books, and religious pamphlets removed from his cell on October 9, 2014;

- Directing defendants to return Gray's legal book and other nonreligious written material removed from his cell on October 9, 2014;

- Enjoining defendants from retaliating against Gray in the future by transferring him to another facility, or to less favorable NHSP housing;

- Enjoining defendants from interfering with, inspecting, obtaining, or disclosing Gray's confidential and privileged mail and/or telephonic communication, including legal mail, mail from the Department of Veterans Affairs, and Gray's communications with his defense experts or investigators; and

- Enjoining defendants from denying Gray photocopies of the written logs documenting his incoming and outgoing legal mail.

## III. Likelihood of Success on the Merits

### A. Retaliation Claim against Tripp and Perkins

Gray's request for a preliminary injunction requiring defendants to grant him law library access arguably arises, in

part, out of one claim that this court has allowed to proceed: a claim alleging that defendants Roy Tripp and John Perkins violated Gray's First Amendment right to petition the government for a redress of grievances by barring him from the library in retaliation for his threat to bring an action against them in federal court. The court addresses, therefore, whether Gray has demonstrated a likelihood of success on the merits of that retaliation claim, to the extent that his request for an injunction granting him library access is premised upon it.

Gray wrote and filed his original complaint (doc. no. 1) on August 29, 2014, the same day that he alleges defendants Tripp and Perkins caused Gray to be removed and barred from the law library. It is apparent, therefore, that Gray did not exhaust his administrative remedies for any claim arising out of that incident prior to filing this action, as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) ("PLRA"). See Jones v. Bock, 549 U.S. 199, 211 (2007). This court allowed that claim to go forward upon preliminary review as, generally, exhaustion is an affirmative defense and is not part of the plaintiff's case. See id. at 216; Cruz Berríos v. González-Rosario, 630 F.3d 7, 11 (1st Cir. 2010). Defendants have since

asserted PLRA exhaustion as a defense in their answer (doc. no. 40) to the complaint. Accordingly, while the claim was properly served on the defendants, Gray's failure to exhaust his administrative remedies on that claim demonstrates that he is not likely to succeed on the merits of that retaliation claim. See Chambers v. Coplan, 82 F. App'x 710, 711 (1st Cir. 2003) (motion for preliminary injunction may be properly denied on the basis that plaintiff failed to exhaust his remedies for underlying claims prior to filing suit). Accordingly, the request for injunctive relief concerning the law library, to the extent it arises from the August 29, 2014, retaliation claim, should be denied.

B. Dismissed Claims

Gray's remaining requests for injunctive relief to prevent defendants from blocking his library access, and his requests for preliminary injunctions to restore access to his nonreligious written materials and to prevent interference with his mail, all arise from claims that have been dismissed from this action for failing to state a claim. See June 1, 2015, Order (doc. no. 38) (accepting May 7, 2015, Report and Recommendation (doc. no. 32) ("May 7 R&R"). It is axiomatic,

therefore, that Gray cannot demonstrate that he is likely to succeed on the merits of those claims. Accordingly, the requests for injunctive relief arising out of the facts underlying those dismissed claims should be denied.

## IV. Irreparable Harm

### A. Transfer

Gray asserts, in support of his request for an order prohibiting the defendants from transferring him, that: he is afraid of being transferred because, as a sex offender, he would be subject to harm in some housing situations; inmates at the prison believe that NHSP officials frequently transfer inmates in retaliation for filing civil lawsuits; and transfers generally occur with very short notice to the prisoner. Although Gray would prefer to remain in a particular facility or housing area, he has failed to assert any facts that demonstrate that he would be subject to irreparable harm if he were moved. Since the day plaintiff filed this action, the defendants have been aware of the existence of, or at least Gray's intention to bring, this action. In the ten months this matter has been pending, Gray has not alleged that he was held in an unsafe environment, or that defendants have failed to address any

safety concerns he has had. The court has previously found, in the November 24, 2014, Order (doc. no. 15) denying Gray's motion to seal, that Gray failed to demonstrate either a significant risk that defendants would transfer him to a different facility or less favorable housing situation, or any particularized risk of harm that would accrue from such a transfer, and Gray has offered no grounds justifying this court's reconsideration of that determination.

Further, Gray does no more than speculate that he will be subject to irreparable harm if he is transferred. To demonstrate irreparable harm, Gray must state facts to show that he might suffer harm in the future if the court fails to issue the requested injunction. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6-7 (1st Cir. 1991) ("'[s]peculative injury does not constitute a showing of irreparable harm'" (citation omitted)). Accordingly, the request for such an order should be denied.

B. Religious Materials

Gray asserts that defendants have failed to return his Bible, religious texts, and religious pamphlets to him after seizing them from his cell on October 9, 2014, in violation of

his First Amendment rights. He seeks an order directing defendants to refrain from denying him access to those items.

Prisoners have a First Amendment right to exercise their religious beliefs, but the First Amendment does not require that an inmate have access to his preferred means of doing so. Cf. Turner v. Safley, 482 U.S. 78, 89 (1987) (in evaluating reasonableness of impingement on a particular means of exercising religion, court can examine whether other means of exercising religion are available to inmate). Gray has not asserted facts to show that he has no means, other than possession of the specific items seized from his cell, of exercising his religious beliefs. Gray has therefore failed to meet his burden to demonstrate that he will be irreparably harmed if the court fails to order defendants to return his religious materials. Accordingly, the request for such injunctive relief should be denied.

C. Copies of Legal Mail Logs

Gray states that from "time to time" an issue may arise in one of his pending actions in court, in which he must demonstrate compliance with the prison "mailbox rule," to prove the timeliness of a filing. Accordingly, it appears that Gray

has periodically requested, and received, copies of the legal mail logs that show when he sent and received legal mail. On one occasion, NHSP Lt. James Brown denied him a copy of a log. Gray has not alleged, however, that he has actually been harmed by the denial of any copy, or that he has needed a copy of a particular log for a particular purpose, and was not provided with a copy of that document. Further, Gray has not alleged facts to show that he will likely need, and will not receive, such a copy in the future. Gray has thus failed to show that he would suffer irreparable harm in the absence of an injunction requiring defendants to provide him with photocopies of his legal mail logs. For that reason, Gray's request for an order prohibiting defendants from denying him copies of the log should be denied.

## Conclusion

For the foregoing reasons, the court recommends that Gray's motions seeking preliminary injunctive relief (doc. nos. 12, 13, 16, 19, 20, 28-31, 34, 41, and 46) be denied. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the

right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

Andrea K. Johnstone
United States Magistrate Judge

July 15, 2015

cc: Jeffrey M. Gray, pro se
Kenneth A. Sansone, Esq.
Jonathan A. Lax, Esq.