UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jeffrey M. Gray

    v.                         Case No. 14-cv-386-PB

John Perkins et al.


## REPORT AND RECOMMENDATION


    Plaintiff Jeffrey Gray, an inmate at the New Hampshire State Prison ("NHSP"), has filed two complaint addenda (doc. nos. 86 and 87) in this matter.  Those pleadings are before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a), LR 4.3(d)(1), and this court's December 28, 2015, Order (doc. no. 85).  In the complaint addenda, Gray seeks to add both claims and defendants to this action, as well as to make certain textual amendments to his previously filed complaint documents.


### Discussion

### I.   Text Amendments

    Plaintiff seeks to amend the text of Document No. 23, which is part of the complaint in this matter, as follows:

- Page 16, ¶¶ 47: "October 15, 2013," is amended to "February 15, 2013," and the unidentified "prison

officials" referred to are Northern New Hampshire
Correctional Facility ("NCF") Lt. McFarland, and NCF
Sgt. Bigel, whose first names are unknown.

- Page 20, ¶ 60: "January 19, 2014," is amended to
"January 10, 2014."

- Page 26, ¶ 70: "April 28, 2014," is amended to "April
18, 2014."

- Page 32, ¶ 77: the unidentified inmate law library
worker referred to is Jason Czekalski.

- Page 57, ¶ 53: the unidentified DOC nurse is NHSP
Nurse Donna Dufrene.

In an Order issued simultaneously with this Report and

Recommendation (the "Simultaneous Order"), the court directs

that Document No. 23 be amended to reflect the text

substitutions listed above.


II.  Claim 1[1]

In its May 7, 2015, Report and Recommendation ("May 7

R&R"), the court authorized service of the following claim,

identified therein as Claim 1:

NHSP Librarian John Perkins and NHSP Corrections
Officer ("C.O.") Roy Tripp retaliated against Gray for

---

[1]In the May 7 R&R, the court identified seven claims to be
served, numbered Claims 1-7.  To avoid confusion, the court here
refers to the claims by those numbers.

exercising his First Amendment right to petition the
government for a redress of grievances by filing
administrative grievances and this civil action, by
barring Gray from the law library on and after August
29, 2014, and by causing Gray to lose his prison job,
in violation of Gray's First Amendment rights.

Gray now asserts that on June 15, 2015, he submitted an

Inmate Request Slip ("IRS") to the NHSP Education Director,

complaining about the loss of his prison job and the law library

ban.  In that IRS, Gray sought "unfettered" access to the law

library and reinstatement to his previous job.

Gray's IRS was forwarded to C.O. Tripp.  Tripp responded,

stating that Gray was not, and had never been, banned from the

law library, and could obtain library access by submitting an

IRS.  In his response, Tripp further stated that Gray had lost

his job because he caused a disruption in the library, and

denied Gray's request to be reinstated to that position.

Gray appealed Tripp's response to NHSP Warden Richard

Gerry, who denied the grievance.  Gray then appealed to DOC

Commissioner William Wrenn.  Christopher Kench replied to the

grievance on Wrenn's behalf and affirmed Gerry's denial.  Gray

now seeks to assert retaliation claims against Gerry and Kench,

claiming that his grievances were denied in retaliation for

Gray's exercise of his First Amendment rights.

To proceed on a claim that prison officials retaliated against a plaintiff for engaging in conduct protected under the First Amendment, the plaintiff must show: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he suffered non-de minimis adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of First Amendment rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011); Starr v. Dube, 334 F. App'x 341, 342 (1st Cir. 2009). The complaint addenda, stripped of legal conclusions, offer no facts to support an assertion that either Gerry or Kench had any retaliatory intent when they denied Gray's grievances. Accordingly, the retaliation claims asserted against Gerry and Kench should be dismissed.

## III. Claim 4

In the May 7 R&R, the court authorized service of the following claim, identified in the May 7 R&R as Claim 4:

> [DOC] physician Dr. Celia Englander, NHSP Nurse Practitioners Lisa Savage and Corina Neculai, NHSP Physical Therapist Bernadette Campbell, [NCF] Warden Edward Reilly, and NHSP Warden Richard Gerry, acting with deliberate indifference to Gray's serious medical needs (sleep apnea, ulcers, Helicobacter Pylori

stomach disease, chronic lower back pain, and
tinnitus), denied Gray constitutionally adequate
medical care for those conditions, or denied Gray's
grievances concerning his medical care, in violation
of Gray's Eighth Amendment rights.

Gray now seeks to add defendants and factual assertions to this

claim.  Specifically, Gray alleges that NHSP Nurse Donna

Dufrene, during and after sick call visits on November 7, 2014,

and February 11, 2015, and NHSP Nurse Chapman, during and after

a sick call visit on May 22, 2015, acting with deliberate

indifference, failed to refer Gray to a qualified specialist to

diagnose his abdominal pain, and failed to treat his serious

medical conditions.

Gray states that he filed grievances concerning his medical

care complaints with Gerry and Reilly, who denied Gray relief,

and to Wrenn, on whose behalf Kench denied Gray relief.  Gray

now seeks to add Dufrene, Chapman, and Kench as defendants to

Claim 4.  Gray has asserted sufficient facts to allow Claim 4 to

proceed against those defendants, and the court directs service

accordingly in the Simultaneous Order.


IV.  Claim 7

In the May 7 R&R, the court directed Gray to amend his

claim, identified as Claim 7, asserting that he received
inadequate dental care at the NHSP, to identify defendants to
the claim.  Gray has now named the following defendants to Claim
7: DOC Oral Surgeon Dr. Paul Levy, NHSP Dentist Dr. Edward
Duansite, NHSP Dental Hygienist Larry Denecourt; NHSP Dental
Assistant Alexis White, NHSP Deputy Director of Medical and
Forensic Services Paula Mattis, former NHSP Director of Medical
and Forensic Services Heidi Guinen, Reilly, Gerry, and Kench.

Gray has asserted sufficient facts to warrant service of
the complaint and complaint addenda, in regard to Claim 7, on
defendants Levy, Duansite, Denecourt, and White.  Gray asserts
that he filed a complaint with Guinen, but indicates that
another individual, Ransey Hill, responded, and failed to
address Gray's serious dental and medical needs.  Gray then
filed a grievance with Gerry, who denied him relief.  Gray
appealed that denial to Wrenn.  Kench responded to that
grievance on Wrenn's behalf, and also denied Gray relief.

The court finds that this matter may be served upon Hill,
Gerry, and Kench.  Nothing in the complaint, however, suggests
that Guinen, Mattis, or Wrenn received Gray's complaints,
requests, or grievances concerning his dental care, or did

anything directly or indirectly to deny him dental or medical
care.  Accordingly, while Wrenn is already a defendant in this
action, the court finds that Gray has failed to state a claim
for inadequate dental care against him.  Because Gray has failed
to state any claim against Guinen and Mattis, those defendants
should be dropped from this action.


V.    Bottom Bunk Pass

       Gray alleges that on or about February 15, 2013, while he
was housed at NCF.  Gray had a medical pass directing that he be
provided with a bottom bunk.  On that date, Gray's cellmate
threatened him, causing him to fear for his safety.  Gray
submitted a written request stating that he was in fear of his
cellmate, and asked that either he or his cellmate be moved.
Lt. McFarland and Sgt. Bigel responded and told Gray that they
did not have a bottom bunk available.  Accordingly, in order to
move Gray, McFarland and Bigel required that plaintiff put in
writing that he was giving up his bottom bunk pass, so that he
could be moved out of his current cell, and placed in a top
bunk.  Upon Gray's request, his bottom bunk pass was reinstated,
and he was moved to a bottom bunk on February 27, 2013.

7

The facts asserted are minimally sufficient to assert the following claim, which the court now identifies as Claim 8:

> NCF Lt. McFarland and NCF Sgt. Bigel, acting with deliberate indifference to a significant risk of serious harm to Gray, endangered Gray's safety by requiring him either to stay in a cell with an inmate who had threatened him, or to give up his bottom bunk medical pass and be placed in a top bunk, in violation of his Eighth Amendment rights.

In the Simultaneous Order, the court directs service of Claim 8 on McFarland and Bigel.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss: 1) Gray's retaliation claim regarding Gray's access to the law library and prison job, to the extent that claim is asserted against Gerry and Kench; and 2) Gray's inadequate dental care claim, to the extent it is asserted against Wrenn, Mattis, and Guinen.  The court further recommends that the district judge drop Guinen and Mattis from this action. In the Simultaneous Order, the court directs service of the remaining claims asserted in the complaint addenda (doc. nos. 86 and 87).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).


                              _____
                              Andrea K. Johnstone
                              United States Magistrate Judge


January 14, 2016

cc:   Jeffrey M. Gray, pro se
      Kenneth A. Sansone, Esq.
      Jonathan A. Lax, Esq.